# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| AHMED BHISKI, | : |
|     Petitioner, | : |
| | :   Civil Action No. 3:04 CV 1256 (CFD) |
| v. | : |
| | : |
| IMMIGRATION AND NATURALIZATION | : |
| SERVICE, | : |
|     Respondent. | : |

## RULING ON PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS

Petitioner Ahmed Bhiski filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the Immigration and Naturalization Service ("INS") has falsely accused him of being suicidal, medicated him against his will, and forced him to sign deportation papers while he was involuntarily medicated. The petitioner, who is under detention of the Department of Homeland Security's Bureau of Immigration and Customs Enforcement ("BICE"), is currently incarcerated at the State of Massachusetts Plymouth County Jail.[1]

**I.    Background**[2]

Bhiski, a native and citizen of Tunisia, entered the United States on August 13, 1999 as a visitor for pleasure. Subsequently, Bhiski sought an adjustment of status and received a student visa to attend the Community College of Philadelphia. He attended school full-time for one

---

[1] On March 1, 2003, the INS was abolished and its functions transferred to three bureaus within the Department of Homeland Security. The immigration enforcement functions of INS were transferred to the Bureau of Immigration and Customs Enforcement within the Department of Homeland Security. Although the INS is the named respondent in this action, all references to INS should also be considered as references to the since-created BICE.

[2] These facts are taken from the underlying record of Bhiski's administrative deportation proceedings, as provided to the Court and certified by the United States Department of Justice Executive Office for Immigration Review. See Doc. #9.

semester, then withdrew from his classes on October 4, 2000 and never recommenced his studies.

Bhiski was then apprehended by the FBI for failure to comply with the conditions of his student visa.  He appeared before an immigration judge in York, Pennsylvania on May 16, 2002, at which time he admitted that he had failed to attend his classes, conceded his removability, and agreed to voluntarily depart the United States by July 1, 2002.  On or about June 20, 2002, however, Bhiski married Rose Mary Maturo, a United States citizen.  Maturo filed an I-485 petition to adjust Bhiski's status to that of lawful permanent resident due to their marriage, and based on that petition, Bhiski filed an appeal with the Board of Immigration Appeals ("BIA") to stay his removal and remand or reopen his proceedings before the immigration judge.  The BIA denied Bhiski's appeal and motion on July 7, 2003.  Bhiski then filed a petition for review of the BIA's decision with the Third Circuit Court of Appeals.  The Third Circuit denied Bhiski's request for a stay of removal by summary order on December 22, 2003, and denied his petition for review on its merits in a decision dated July 2, 2004.  See Bhiski v. Ashcroft, 373 F.3d 363 (3d Cir. 2004).

BICE has made three attempts to remove Bhiski to Tunisia.[3]  The first occurred on February 19, 2004, when Bhiski's scheduled flight was disrupted by a bomb threat with which he was uninvolved.  Bhiski, however, refused to re-board after the flight was released.  On May 12, 2004, BICE attempted to place Bhiski on a flight departing from New York's John F. Kennedy Airport.  The accompanying ICE agent filed an incident report stating that Bhiski had refused to

---

[3] The following facts are taken from the Government's response to Bhiski's petition for writ of habeas corpus and accompanying exhibits.  See Doc. #3.

board this second flight, stating that he would "fight [his] removal to the death" and that BICE would have to "kill him to take him back."  <u>See</u> Doc. #3 at Exh. G.[4]

BICE's third attempt to remove Bhiski to Tunisia occurred on June 29, 2004.  Bhiski was taken to the Hartford BICE office and administered a sedative before being transported to Kennedy Airport.  When it was time to board the aircraft, Bhiski refused and stated that he was "not going."  A federal Public Health Service nurse then administered another sedative shot to Bhiski, and BICE attempted to place him in a wheelchair that could be wheeled aboard the plane. Bhiski resisted sitting in the wheelchair and instead dropped to the floor to evade the BICE agents.  The plane's flight crew then informed BICE that Bhiski would not be allowed on board. <u>See</u> Doc. #3 at Exh. H.

Bhiski was transferred to a State of Connecticut detention facility in Hartford, where BICE asked the correctional officers to place him on suicide watch in a special detention area. At the time that Bhiski filed his habeas petition, he had been transferred from the detention facility and was an inmate at the State of Connecticut Osborn Correctional Institution in Somers, Connecticut.  At some point while that petition was pending, Bhiski was transferred again; he currently is incarcerated at the State of Massachusetts Plymouth County Jail.

## II.    Discussion

### A.    Judicial Review of Petitioner's Order of Removal

On May 11, 2005, Congress amended the Immigration and Nationality Act by the "Real

---

[4] Although Bhiski disputes the BICE agent's recollection of events on May 12, 2004, he admits that he told the deportation agent "You better kill me than injecting me" [sic] and "I'm refusing [removal] to the end."  <u>See</u> Petitioner's Response to Respondent's Memorandum of Law.

ID Act of 2005."  Among those statutory amendments are new procedures for judicial review of orders of removal.  Petitioners seeking review of final orders of removal, whether through standard petitions for review of final orders of removal issued by the Board of Immigration Appeals or through writs of habeas corpus (28 U.S.C. § 2241), now file such petitions directly with the Circuit Courts of Appeals.  8 U.S.C. §§ 1252(b)(2) and (b)(9), Pub. L. 109-13, 119 Stat. 311.  The Real ID Act's transitional rules provide that if such a case "is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit ..."  See Transfer of Habeas Corpus Cases Pending in the District Courts on May 11, 2005.  Pub. L. 109-113, 119 Stat. 311.  Accordingly, to the extent that Bhiski's challenge to INS's efforts to have him sign his deportation papers is a challenge to his order of removal, this Court lacks jurisdiction to review that claim.[5]

Because the Real ID Act pertains only to habeas corpus petitions seeking review of orders of removal, however, this Court retains jurisdiction over Bhiski's other claims.  See, e.g., King v. Gonzalez, 2005 U.S. Dist. LEXIS 20342, *13 (E.D.N.Y. Aug. 16, 2005) (holding that the Court retains jurisdiction after the Real ID Act over habeas corpus petitions challenging physical custody).

--------

[5] Nor does the Court find that transfer of this claim to the Second Circuit Court of Appeals is appropriate, as Bhiski has already appealed the immigration judge's grant of voluntary departure and the Board of Immigration Appeals' denial of his motion to remand and request for stay of removal to the Third Circuit Court of Appeals.  Bhiski's petition for review to the Third Circuit was denied on the merits.  See Bhiski v. Ashcroft, 373 F.3d 363 (3d Cir. 2004).  Bhiski raises no new challenges before this Court to the order of removal that were not present before the Third Circuit.

**B.      Petitioner's Challenges to his Physical Confinement**

Although the Real ID Act does not preclude this Court's review of any challenges by Bhiski to the conditions of his physical confinement, the Court does not find that Bhiski has alleged any constitutional injury stemming from his detention.  Although Bhiski accuses INS of falsely accusing him of suicidal tendencies, he states in his petition that jail officials "decided that nothing is wrong with me and they put me immediately with the general population."  See Doc. #1 at 6.   Bhiski's second allegation is that INS improperly medicated him during the June 29, 2004 attempted removal.  Nowhere in Bhiski's petition, however, does he claim that he is being medicated while incarcerated.

A petition for writ of habeas corpus is limited to persons claiming that they are being held "in custody in violation of the Constitution or laws . . . of the United States."  28 U.S.C. § 2241. Habeas is also "the basic method for obtaining review of [a person's] continued custody after a deportation order ha[s] become final."  Zadvydas v. Davis, 533 U.S. 678, 687 (2001).  Claims about conduct that occurred prior to petitioner's period of physical custody, or do not challenge the present conditions of custody, are not cognizable in habeas.[6]  Therefore, Bhiski's claims must be denied.

Moreover, it appears that Bhiski's petition is procedurally improper.  A writ for habeas corpus challenging present physical confinement must be brought against the petitioner's "immediate custodian," construed to mean "the warden of the facility where the prisoner is being

---

[6] As Bhiski has not challenged the fact that he is being detained post-removal, the Court expresses no opinion as to the validity of that detention, but notes in passing that post-removal-period detention is authorized by statute as to any alien "who has been determined by the Attorney General to be . . . unlikely to comply with the order of removal."  8 U.S.C. § 1231(a)(6).

5

held, not the Attorney General or some other remote supervisory official." <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 435 (2004); <u>see also</u> <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 494-95 (1973) (holding that writ of habeas corpus properly lies against "the person who holds [the detainee] in what is alleged to be unlawful custody"). As Bhiski is incarcerated at a Massachusetts state facility, the federal agency named as respondent here is not the person currently holding him. The circumstances of Bhiski's confinement weigh against determining that the named respondent qualifies as his "immediate custodian."[7]

**III.     Conclusion**

For the above reasons, the petitioner's Application for Writ of Habeas Corpus [Doc. #1] is DENIED and the Court VACATES its earlier stay of petitioner's removal [Doc. #2].

So ordered this _2nd_ day of May 2006 at Hartford, Connecticut.

_/s/ CFD_____

**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**

---

[7] Finally, given that Bhiski has been transferred to a facility in Massachusetts, this Court arguably no longer qualifies as the proper venue for his claims. Since Bhiski was incarcerated in the District of Connecticut at the time he filed his petition, however, and because his claims fail as a matter of law, the Court will rule on them rather than transfer his petition to the District of Massachusetts.